UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 19, 2006[*]
Decided February 23, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| Nos. 03-3461, 03-4310 & 04-3902 | On Petition for Review of Three Orders of the Board of Immigration Appeals |
| Guang Ming Li, | |
| *Petitioner*, | |
| | No. A70 907 615 |
| *v.* | |
| Alberto R. Gonzales, Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Guang Ming Li, a citizen of the People's Republic of China, appeals the denial of his request for asylum, withholding of removal, and protection under the Convention Against Torture.  He also appeals the rejection of his motion for reconsideration and his motion to reopen. We deny Li's petition for review.

**I.**

---

[*] Although oral argument was originally scheduled in this case, the appellant, with no objection from the government, moved to waive oral argument. The court granted this motion, and the appeal is submitted on the briefs and the record.

Guang Ming Li was born in the People's Republic of China ("China") in 1975 and entered the United States in 1992. In 1993, he applied for asylum, focusing his request on his participation in pro-democracy rallies as a middle school student in 1989. Li substantially benefitted from the alleged backlog of the Immigration and Naturalization Service,[2] which did not begin reviewing his application until 2000.

At his removal hearing, which took place in 2002, Li changed his primary reason for seeking asylum. He expressed his opposition to Chinese family planning policies, though he is single and never ran afoul of them while in China. He also repudiated his main asylum assertions, candidly admitting that he primarily watched the student demonstrations on television (attending only one march) and that the people who prepared his application "probably put something like the pro-democracy campaign" in it. Li mentioned that he found living in China hard and recounted that the local police sometimes beat him for no reason. He feared beatings and fines upon return to China, which he believed were common punishments for Chinese citizens who had attempted to leave.

The immigration judge ("IJ") denied Li's asylum application, concluding that Li did not show past persecution or a credible fear of future persecution based on political opinion, the grounds for asylum. The Board of Immigration Appeals ("BIA") summarily affirmed this decision. Li then filed a motion for reconsideration and then a motion to reopen, both of which were denied. Li now petitions this court for review.

## II.

Before this court, Li proceeds in scattershot fashion, raising mostly due process and evidentiary challenges. As the BIA summarily affirmed,[3] we review the IJ's decision as the final agency determination. *See Hussain v. Gonzales*, 424 F.3d 622, 626 (7th Cir. 2005).

---

[2] On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security.

[3] Li claims that the BIA violated due process by summarily affirming the IJ. This is an acceptable procedure, as we have noted in the past. *See Hamdan v. Gonzales*, 425 F.3d 1051, 1057-58 (7th Cir. 2005).

## A.

Li begins by asserting a raft of due process violations. We conduct de novo review of a petitioner's challenge that an immigration hearing violated due process, *see Kerciku v. INS*, 314 F.3d 913, 917 (7th Cir. 2003). As in other contexts, due process requires a meaningful opportunity to be heard, and, if a hearing fails to satisfy this requirement, the petitioner must receive a new hearing. *See id.*; *see also Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004). Moreover, "immigration hearings, like trials, are not reviewed for perfection; a reviewing court will not order a new hearing without a showing that a party's rights were actually affected by the error alleged." *Kuqo v. Ashcroft*, 391 F.3d 856, 859 (7th Cir. 2004).

Each of Li's due process claims fails. Li initially argues that the IJ violated the various federal regulations at the hearing by failing to inform him of the charges against him or his right to an attorney. Li also claims that the IJ violated the applicable regulations because the IJ did not require Li to either deny or admit the factual allegations and his removability under the charges. Li is wrong. The IJ complied with all pertinent regulations. The record reveals that the IJ clearly stated the charges against Li and asked him if he wished to proceed with the asylum hearing. Li did, which was tantamount to a pleading that asylum was justified and he was not removable. Li then indicated that he understood the purpose of the hearing, the charges against him, and his right to a lawyer. Furthermore, even if the IJ committed a technical violation of a regulation, Li does not show such an error had any effect on the outcome of the hearing.

Li also asserts that the IJ was biased against him. Li offers no support for his contention that the IJ was somehow predisposed against him. In fact, the IJ rarely spoke at the final hearing, simply asking a few follow-up questions to clarify Li's statements. The record is wholly devoid of any evidence that the IJ lashed out at Li or acted inappropriately in any way. Li demonstrated no bias on the part of the IJ that would offend his due process rights.

Li finally argues that the IJ acted improperly in denying the motion to continue filed by Li's attorney. We examine a denial of a motion to continue for abuse of discretion, *see Hassan v. INS*, 110 F.3d 490, 492 (7th Cir. 1997). This is a particularly frivolous argument. The IJ gave Li approximately ten months after his initial hearing to return to court with a lawyer to present his case. The IJ instructed Li that if he could not find a lawyer, one could be appointed for him. Li did not retain a lawyer until the Friday before his Monday hearing. This lawyer asked for a continuance, which was denied because Li waited the full ten months

before attempting to retain the lawyer's services.  The IJ properly exercised his discretion given that Li himself caused his lawyer's lack of preparation.[4]

**B.**

Li next asserts that substantial evidence supports his asylum application. To merit asylum, Li had to establish either that: (1) he suffered past persecution based on his race, religion, nationality, membership in a particular social group, or political opinion; or (2) he had a well-founded fear of future persecution on one of these grounds.  8 U.S.C. §§ 1101(a)(42), 1158(b)(1).  This court will only overturn an IJ's decision on asylum if the evidence compels a contrary result.  *See Oforji v. Ashcroft*, 354 F.3d 609, 612-13 (7th Cir. 2003).  To put it another way, we limit our review to determine whether substantial evidence supports an IJ's decision. *See Kozal v. Gonzales*, 418 F.3d 798, 804 (7th Cir. 2005).

Here, substantial evidence supported the IJ's ruling.  Li's claim was deficient in almost every possible way.  First, Li failed to show any past persecution.  He admitted that he left school because of his family's economic position, not because of any state action.  While he stated that he had been beaten by authorities, he only mentioned one or two minor run-ins with police when he was a teenager.  These isolated incidents do not rise to the level of persecution. *See Dandan v. Ashcroft*, 339 F.3d 567, 573-74 (7th Cir. 2003) (persecution must be more than mere harassment). Second, Li failed to show any likelihood of future persecution. Li concluded that he would be beaten on return to China but did not explain why, except that "beating people like us is kind of in their blood." This unsubstantiated opinion does not suffice to establish a reasonable fear of persecution if he is returned to China. *See Sofinet v. INS*, 196 F.3d 742, 746 (7th Cir. 1999) (applicant must show specific, detailed facts supporting the reasonableness of his fear that he will be singled out for persecution).

Furthermore, Li fails to connect either his alleged past persecution or the possible future persecution to any political opinion or other protected category. While Li claimed that he was a democracy activist in his application, he backed off such claims at his hearing, suggesting that it was simply language introduced by

---

[4] We note that Li received a functional continuance that allowed his attorney additional time to prepare.  Because the original interpreter at the hearing was not fluent in Li's particular dialect, the IJ adjourned Li's hearing for three days to ensure a properly qualified translator was present. This incident raises a curiosity that even though Li lived in the United States for more than ten years, he was still unable to understand or converse in English.

those who prepared his application. He had watched the democracy protests on television and participated as a follower in one march. This is plainly insufficient, as even Li seems to acknowledge. At his hearing, Li asserted his opposition to China's family planning policies qualified as a political opinion that justified asylum. Again, this is altogether lacking. As we have recently explained, "a political opinion is one that is expressed through political activities or through some sort of speech in the political arena." *See Li v. Gonzales*, 416 F.3d 681, 685 (7th Cir. 2005). Li did not show that he ever expressed such an opinion through activities or speech during his youth in China, and he offers no reason to think he would do so upon return to China. The IJ's asylum determination, therefore, was supported by substantial evidence.[5]

## C.

As a final matter, Li challenged the BIA's denials of his motion to reconsider and his motion to reopen. Both are reviewed for an abuse of the BIA's discretion. *See Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005). Neither constitutes such an abuse. Li pointed to no errors of fact or law and introduced no new arguments that would justify a motion for reconsideration. Li's motion to reopen was untimely, and so, denial was proper.

## III.

For the reasons discussed above, we deny Li's petition for review.

---

[5]As an applicant who fails to establish eligibility for asylum necessarily cannot satisfy the more stringent standards for withholding of removal and CAT protection, *see Ahmed v. Ashcroft*, 348 F.3d 611, 615 (7th Cir. 2003), we see no need to further address these claims here.